Jim J. Valcarce
VALCARCE LAW OFFICE, LLC
PO Box 409 – 900 3rd Ave.
Bethel, Alaska 99559
Phone: (907) 543-2744
Facsimile: (907) 543-2746
Email: Jim@bushlawyers.com
ABA # 9505011

IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF ALASKA

| | |
|---|---|
| KATHRYN OLESKE, for herself, and on behalf of the Estate of ALEXIE NICHOLAI and K.N. and N.S., minor children,<br><br>               Plaintiffs<br><br>Vs.<br><br>UNITED STATES OF AMERICA, DEPT. OF HEALTH AND HUMAN SERVICES,<br><br><br>              Defendant. | **COMPLAINT FOR DAMAGES**<br><br>Case NO. 4:09-cv-00012-RRB |

Plaintiffs, by and through her counsel of record, Valcarce Law Office, LLC, and hereby claims and alleges as follows:

    1.    Plaintiffs are and were, at all times relevant hereto, residents of the State of Alaska.

OLESKE et. al. v. U.S.

PG. 1

VALCARCE LAW OFFICE, LLC
PO Box 409 – 900 3rd Ave.
Bethel, Alaska 99559
TELEPHONE: (907) 543-2744• FACSIMILE: (907)543-2746

Case 4:09-cv-00012-RRB   Document 1   Filed 03/16/09   Page 1 of 9

Alaska.

2. The acts or omissions upon which this cause is based occurred in or near Bethel, Alaska.

3. This suit is brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2674, and this court has exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1346(b).

4. The Yukon-Delta Regional Hospital (YKDRH) is operated by the Yukon-Kuskokwim Health Corporation, Inc. (YKHC), with headquarters in Bethel, Alaska. YKHC has a duty to provide reasonable medical care and quality hospital services to predominantly Alaska Native beneficiaries who reside in the Yukon-Kuskokwim region of Alaska.

5. YKDRH and YKHC is a compacting entity of the Indian Health Service (IHS). Health care providers at YKHC/YKDRH are employees of the United States for purposes of liability under the FTCA if they are employees of YKHC/YKDRH acting within the scope of their employment and are carrying out the compact with the IHS at the time of the acts or omissions that give rise to the complaint.

6. At all times pertinent to this complaint, the health care providers employed by YKHC/YKDRH who are alleged to have acted in a negligent manner were acting within the scope of their employment with the U.S. and were also carrying out YKHC's compact with the IHS.

OLESKE et. al. v. U.S.

PG. 2

VALCARCE LAW OFFICE, LLC
PO Box 409 – 900 3rd Ave.
Bethel, Alaska 99559
TELEPHONE: (907) 543-2744• FACSIMILE: (907)543-2746

Case 4:09-cv-00012-RRB   Document 1   Filed 03/16/09   Page 2 of 9

7.      The plaintiffs, Mr. Nicholai and his family, lived in Napaskiak and Oscarville, Alaska, which is approximately 8-river miles from the nearest hospital located in Bethel, Alaska. At all times relevant hereto, his wife, KATHRYN OLESKE, was a school teacher in the village of Napaskiak and Mr. Nicholai worked as a maintenance mechanic for the school.

8. Prior to September 25, Mr. Nicholai was in good health, but had a past history of being susceptible to bronchitis and pneumonia.

9. Bronchiectasis is extremely prevalent in Alaska Natives in the Yukon Kuskokwim Delta. In one major study, it was "observed that recurrent pneumonia was the major preceding medical condition in 85% of patients." Thus, any doctor at the Yukon-Kuskokwim Health Corporation knows, or should know, to be very vigilant as to symptoms of pneumonia, and ensure that adequate treatment be provided. Reasonable treatment, when bacterial pneumonia is suspected, requires blood tests, x-rays and antibiotics.

10.  To diagnose pnuemonia, the doctor begins with a medical history and physical examination. By placing a stethoscope on the chest, the doctor may be able to hear crackling sounds, coarse breathing, wheezing and/or the breathing may be faint in a particular area of the chest. Additionally, the doctor may order a chest x-ray, a sputum gram stain and a blood test. The chest x-ray may show a blotchy-white area, where fluid and pus has accumulated in the lung's air sacs. The sputum grain stain and the blood test

VALCARCE LAW OFFICE, LLC
PO Box 409 -- 900 3rd Ave.
Bethel, Alaska 99559
TELEPHONE: (907) 543-2744• FACSIMILE: (907)543-2746

Case 4:09-cv-00012-RRB   Document 1   Filed 03/16/09   Page 3 of 9

may determine the cause and severity of the condition. If these tests are inconclusive, the doctor may perform a procedure called a bronchoscopy. In this procedure, a flexible, thin and lit viewing tube is inserted into the nose or mouth after a local anesthetic is administered. The breathing passages can then be directly examined by the doctor and specimens from the infected part of the lung can be obtained.

11. Treatment depends on the severity of symptoms and the type of organism causing the infection. *Bacterial pneumonia* (caused by the streptococcus pneumonia bacteria) is often treated with penicillin, ampicillin-clavulanate (Augmentin) and erythromycin. Bacterial pneumonia (caused by the hemophilus influenza bacteria) is treated with antibiotics, such as cefuroxime (Ceftin), ampicillin-clavulanate (Augmentin), ofloxacin (Floxin), and trimethoprim-sulfanethoxazole (Bactrim and Septra). Bacterial pneumonia (caused by legionella pneumophilia and staphylococcus aureus bacteria) are treated with antibiotics, such as erythromycin.

12. On September 27, 2007, 44-year-old Alexie Nicholai died from complications of pneumonia. Shortly before his death, on September 27, 2008, Mr. Nicholai was transferred to Providence Medical Center in Anchorage, Alaska, where he was diagnosed with severe septic shock to right middle lobe bacterial pneumonia. The basis of this claim concerns the care and treatment provided by agents of the Yukon-Kuskowkim Health Corporation, in the days prior to his death.

VALCARCE LAW OFFICE, LLC
PO Box 409 – 900 3rd Ave.
Bethel, Alaska 99559
TELEPHONE: (907) 543-2744 • FACSIMILE: (907)543-2746

13. On September 25, 2007, Mr. Nicholai presented at the Yukon-Kuskokwim Health Corporation's Oscarville Clinic, and was seen by Marie Jacob, where he complained of clear discharge from his nose, chest pain, coughing and fever. He advised the health aide of a past history of pneumonia and bronchitis, and that there had been a recent change in his condition, where his coughing had now gotten worse, and the discharge had turned to yellowish green. The health aide, Ms. Jacob, was greatly concerned with his condition, and instead of developing a plan of treatment, she said she needed to consult with a doctor at the Yukon-Kuksokwim Health Corporation.

14. Thereafter, Ms. Jacob called a doctor at the Yukon-Kuskokwim Health Corporation, and advised him of the symptoms. The doctor was also faxed a copy of the medical patient encounter form, and he read that Mr. Nicholai's symptoms as noted above -- his discharge, coughing and fever -- were getting worse. In response, the doctor did not ask to see Mr. Nichoali to perform his own physical examination. The doctor did not order a chest x-ray. The doctor did not request or order Mr. Nicholai to perform a blood test. The doctor did not order a sputum gram stain. The doctor did not request or order a chest x-ray, nor did he even consider a bronchoscopy.

15. In response and to treat Mr. Nicholai, the doctor simply hoped he would get better. The doctor then prescribed albuterol and Tylenol, which Mr. Nicholai was told he could pick up the next time he went to Bethel. The doctor did not even arrange for the medication to be shipped to the village where Mr. Nicholai resided, Napaskiak.

OLESKE et. al. v. U.S.

PG. 5

VALCARCE LAW OFFICE, LLC
PO Box 409 -- 900 3rd Ave.
Bethel, Alaska 99559 ·
TELEPHONE: (907) 543-2744· FACSIMILE: (907)543-2746

Case 4:09-cv-00012-RRB   Document 1   Filed 03/16/09   Page 5 of 9

16. Two days later, on September 27, 2007, Mr. Nicholai was visited at home by another health aide, Herman Egoak, in Napaskiak, Alaska, where his coughing, chest pain, and discharge was much worse. In response, he was told to travel to Bethel, Alaska once again, no further follow-up was arranged.

17. Mr. Nicholai appeared at the emergency room at the Yukon-Kuskokwim Health Corporation at approximately 10 a.m. and was seen by a doctor approximately two hours later, around 12 p.m. From the afternoon to evening on September 27, Mr. Nicholai suffered from severe respiratory distress and his condition deteriorated; he required three cardiac resuscitations. He was then flown to Anchorage, where he also coded four times. When he arrived at Providence on September 27, nothing could be done to save his life; and he was pronounced dead within hours of his arrival.

18. The U.S., through its agents and servants, were negligent in their acts and omissions, including but not limited to, failure to prescribe medications, x-rays and otherwise and treat for pneumonia; failure to perform necessary procedures; failure to timely diagnose; failure to act with a reasonable degree of urgency; failure to perform necessary procedures; failure to perform and provide adequate treatment; failure to provide for emergency follow-up care; failure to keep, store and maintain medical records; and failure to act with due care in providing medical care and treatment to the Mr. Nicholai.

VALCARCE LAW OFFICE, LLC
PO Box 409 – 900 3rd Ave.
Bethel, Alaska 99559
TELEPHONE: (907) 543-2744• FACSIMILE: (907)543-2746

# COUNT I

## PRE-DEATH PAIN AND SUFFERING AND WRONGFUL DEATH

19.　Plaintiffs reallege and incorporate herein as though they were set out in full, all allegations of the preceding paragraphs.

20.　As a direct and proximate result of the negligence of the defendant described above, the decedent sustained pre-death personal injury; great physical and mental pain, shock, agony and emotional suffering; loss of enjoyment of life; all to her damage in excess of $100,000.00, the exact amount to be determined at trial.

## COUNT II
### CLAIMS ON BEHALF OF THE ESTATE AND STATUTORY DEPENDENTS/BENEFICIARIES

21.　Plaintiffs reallege and incorporate herein as though they were set out in full, all allegations of the preceding paragraphs.

22.　Plaintiff brings this action for the benefit of the decedent, and for the benefit of the statutory dependents and beneficiaries of the Estate under the provisions of Alaska Statute 09.55.580. Plaintiff, on behalf of the Estate, re-alleges and incorporates herein as though they were set out in full, all allegations of the preceding paragraphs of the complaint and further alleges that as a direct and proximate result of the negligence of the defendant described above, decedent suffered severe injuries which caused decedent's death.

23.　At the time of his death, decedent had dependents and a life expectancy of approximately 50 years, and decedent's estate and dependents have been deprived of the

OLESKE et. al. v. U.S.

PG. **7**

VALCARCE LAW OFFICE, LLC
PO Box 409 – 900 3ʳᵈ Ave.
Bethel, Alaska 99559
TELEPHONE: (907) 543-2744• FACSIMILE: (907)543-2746

present value of the accumulations that the decedent would have made to his estate had he lived out his life expectancy.

24. By reason of the injury and death of decedent, decedent's estate has incurred damage and loss including, but not limited to: loss of pecuniary benefits; loss of prospective inheritance; loss of subsistence opportunities; loss of contributions for support; loss of assistance and services; loss of prospective training and education; and medical and funeral expenses.

25. By reason of the injury and death of decedent, decedent's statutory beneficiaries and dependents have also suffered damages including but not limited to loss of affection, loss of inheritance, loss of personal services, loss of support, shock, inconvenience, mental anguish, agony, grief, and emotional suffering, loss of enjoyment of life; loss of love, affection, and companionship, as well as other past and future economic and non-economic damage and loss, all to their damage in excess of $100,000.00, the exact amount to be determined at trial.

## COUNT III
### CONSORTIUM/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS/DIRECT CLAIMS FOR DEPENDENTS

26. Plaintiffs reallege and incorporate herein as though they were set out in full, all allegations of the preceding paragraphs.

27. Plaintiffs reallege and incorporate by reference herein each and every allegation contained herein above as though fully set forth herein, and further allege that such acts and omissions of YKHC amount to negligent infliction of emotional distress on

OLESKE et. al. v. U.S.

VALCARCE LAW OFFICE, LLC
PO Box 409 – 900 3rd Ave.
Bethel, Alaska 99559
TELEPHONE: (907) 543-2444 • FACSIMILE: (907) 543-2445

Case 4:09-cv-00012-RRB   Document 1   Filed 09/16/09   Page 8 of 9

plaintiffs, who witnessed the suffering and his excruciating death and suffered extreme distress and damages in excess of $100,000.00, the exact amount to be determined at trial.

28.    By reason of the injury and death of decedent, the plaintiff-wife and the plaintiff-children suffered loss of consortium, loss of love and companionship, and other economic and non-economic losses all to their damage in excess of $100,000.00 the exact amount to be determined at trial.

WHEREFORE, the plaintiffs pray for relief as follows:

A.    An amount in excess of One Hundred Thousand Dollars ($100,000.00), for each plaintiff, the exact amount to determined at trial;

B.    For costs and such other and further relief as this court deems just and equitable.

DATED at Bethel, Alaska this _____ day of _____ 2009.


_____
Jim J. Valcarce
Bar No. 9505011
VALCARCE LAW OFFICE, LLC
Attorney for Plaintiffs

VALCARCE LAW OFFICE, LLC
PO Box 409 – 900 3rd Ave.
Bethel, Alaska 99559
TELEPHONE: (907) 543-2744• FACSIMILE: (907)543-2746

Case 4:09-cv-00012-RRB   Document 1   Filed 03/16/09   Page 9 of 9